IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **HARRISON BROTHERS DRY DOCK & REPAIR YARD, INC.,** ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | CIVIL ACTION NO. 08-0486-WS-M |
| **PAN AGRI INTERNATIONAL, INC.,** etc., et al., ) ) ) ) | |
| **Defendants.** ) | |

**ORDER**

This matter is before the Court on the motion of defendant and claimant Pan Agri International, Inc. ("Pan Agri") to require counter-security. (Doc. 45). The plaintiff has filed a response and Pan Agri a reply, (Docs. 49, 50), and the motion is ripe for resolution.

> When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court for cause shown directs otherwise. Proceedings on the original claim must be stayed until this security is given unless the court directs otherwise.

Supplemental Admiralty Rule E(7)(a).

Pan Agri has given security for damages to the plaintiff, and its counterclaims arise from the same transaction or occurrence as the plaintiff's claim; the plaintiff does not argue otherwise. Instead, the plaintiff asserts that, pursuant to *Afram Lines International, Inc. v. M/V Capetan Yiannis*, 905 F.2d 347 (11th Cir. 1990), counter-security should not be required.

Rule E(7)(a)'s use of the term "must" makes clear that counter-security is the default position. Counter-security may be denied only "for cause shown," which places

the burden on the party resisting it. Nevertheless, under the rule "the district court retains broad discretion to determine whether (and in what amount) countersecurity shall be posted." *Afram*, 905 F.2d at 349.

The *Afram* Court listed "several considerations" to guide the courts' discretion. "First, the court should be reluctant to order countersecurity if the plaintiff does not, by the posting of countersecurity, seek to release its property from the counterplaintiff's custody." 905 F.2d at 349. "Second, the court should determine whether the counterplaintiff could initially have brought its claim in rem or quasi in rem"; if it could not have done so, "there seems little justification for ever requiring a larger bond on the counterclaim than is required in the original action." *Id*. (internal quotes omitted). Third, "the court should consider, if applicable, the plaintiff's financial ability to post countersecurity ...." *Id*. at 350. Fourth, the court should consider "the extent to which the counterclaim may be frivolous." *Id*.

As the plaintiff notes, the first two factors weigh in its favor; Pan Agri is holding no property of the plaintiff, and Pan Agri brought only in personam counterclaims and could not have proceeded in rem or quasi in rem. The accumulation of these factors, however, does not support a finding of cause to require no counter-security. Rather, "where these two factors are present, district courts should not, absent extraordinary circumstances, require claimants ... to post countersecurity in an amount which exceeds the security posted on the original claim." *Afram*, 905 F.2d at 350. Because the plaintiff posted security in the amount of $490,000, and because the amount of counter-security requested is $100,000, the first two factors do not require the denial or partial denial of Pan Agri's motion. *See Bradford Marine, Inc. v. M/Y Jani*, 2005 WL 5166203 at *2 (S.D. Fla. 2005) (satisfying the first two *Afram* factors did not establish cause to deny counter-security).

As to the third factor, the plaintiff has presented no evidence or argument that it would have difficulty posting the requested counter-security. Instead, it emphasizes its

"permanent and immovable assets" in the district and notes that it "has been in business as a small repair yard in Mobile Harbor since 1895 and has no intention of avoiding any just debt or obligation." (Doc. 49 at 4). The third factor thus favors an imposition of counter-security. *See Bradford Marine*, 2005 WL 5166203 at *2 (where the plaintiff made no suggestion it could not post security but emphasized its longevity and stability, the third factor did not favor the plaintiff).

The plaintiff does not expressly describe the counterclaims as frivolous. (Doc. 49 at 4-5). Instead, the plaintiff asserts they are "'so lacking in merit that the court can only conclude that the counterclaim was advanced solely to secure a negotiating advantage over the complainant.'" (*Id*. at 4 (quoting *Titan Navigation, Inc. v. Timsco, Inc*., 808 F.2d 400, 404 (5th Cir. 1987)).

Pan Agri asserts three counterclaims. The first alleges that the plaintiff "wrongfully charged for certain work improperly undertaken and, additionally, charged excessive sums for certain other work performed." (Doc. 44, ¶ 28). The second alleges that the plaintiff caused physical damage to the barge by allowing it to become partially submerged in water while in the plaintiff's drydock and by allowing another vessel to allide with it. (*Id*., ¶¶ 30-31). The third seeks recovery of monies paid the plaintiff under theories of restitution and quantum meruit. (*Id*., ¶ 36). Pan Agri seeks "in excess of $100,000" under each counterclaim. (*Id*. at 5-6).

The plaintiff devotes its attack to the second counterclaim. It says that Pan Agri agreed to be responsible for the proper drydocking of the barge and that the water damage was due to Pan Agri's breach of its agreement. In support of this proposition, the plaintiff attaches the agreement, but it offers no proof that the loss was Pan Agri's fault. In its reply brief, Pan Agri asserts that the barge's partial submersion was due to the plaintiff's failure to properly operate the drydock's pumps, a task not contractually assigned to Pan Agri. (Doc. 50 at 3). As to the allision, the plaintiff says it was not at fault and that it in any event repaired the minor damage caused. (Doc. 49 at 5). In support, the plaintiff

attaches nothing but a few photographs, purportedly of the allision damage.

At bottom, the plaintiff requests the Court to find that its unsupported assertions as to the second counterclaim are true and that Pan Agri's equally unsupported but equally plausible assertions are not. This is not the stuff from which frivolousness may be found. At any rate, the plaintiff ignores the first counterclaim, which addresses the separate matter of the quality of the work the plaintiff performed.[1]

Under the circumstances presented, the Court concludes the plaintiff has shown no cause adequate to excuse it from posting counter-security. *See Bradford Marine*, 2005 WL 5166203 at *2 (where only the first two factors were satisfied, the plaintiff did not present sufficient cause to avoid posting counter-security). Accordingly, Pan Agri's motion to require counter-security is **granted**. The plaintiff is **ordered** to post, on or before **April 7, 2009**, counter-security in the amount of $100,000. Pursuant to Rule E(7)(a), this action is **stayed** until this security is given.

DONE and ORDERED this 24th day of March, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] In its reply brief, Pan Agri states that this claim revolves around the barge's "prolonged exposure to salt water after its protective coating had been removed." (Doc. 50 at 2).